Newcomb v. Pick Point Enterpr.        CV-95-109-SD  09/12/95

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Nelson F. Newcomb, Sr.


     v.                                        Civil No. 95-109-SD


Pick Point Enterprises, Inc.;
Nelson F. Newcomb, Jr.


                             O R D E R


     This matter has come before the court on plaintiff's Motion
to Compel Answers to Interrogatories and Production of Documents
and Things.  Defendants have objected to the requested relief,
and plaintiff has filed a surreply thereto.


                            Background

     Pursuant to Rules 33 and 34, Fed. R. Civ. P., plaintiff
submitted his first set of interrogatories and requested the
production of documents and things from the defendants on
April 21, 1995.  Plaintiff's Motion ¶ 1.  Upon request, defense
counsel was granted an extension of an unspecified amount of time
to respond.  Thereafter, plaintiff "indicated . . . by letter
dated June 7, 1995, that if the case did not settle within ten
(10) days, the defendants' answers and responses to the discovery

requests would be needed." Id. ¶ 2. By subsequent letter dated July 24, 1995, plaintiff extended this deadline to July 28, 1995. Id. ¶ 3. With the discovery requests still outstanding, plaintiff filed the instant motion with this court on August 2, 1995.

By medium of objection, filed August 14, 1995, defendants assert that "[t]he parties have produced initial documentation[1] and expect to meet within the next 14 days for settlement negotiations." Defendants' Objection ¶ 1. In light of the possibility of settlement negotiations, defendants further assert that "[n]o sound reason exists to not allow an additional 14 days to compile all of the documents necessary to respond to the interrogatories." Id. ¶ 2. However, in papers filed August 25, 1995, plaintiff notes that "the fourteenth day will be Monday, August 28, 1995, and as of the date of filing this Response no meeting has been scheduled." Plaintiff's Response to Defendants' Objection ¶ 3.


## Discussion

Resolution of the motion sub judice requires application of

_____

[1]The court notes that the extent of the purported "initial documentation" production "consists of the tax returns of Pick Point Enterprises, Inc. from 1990 through 1994, and the financial reports for Pick Point Enterprises, Inc. from 1992 through 1994." Plaintiff's Response to Defendants' Objection ¶ 2.

2

Rule 37, Fed. R. Civ. P., which provides "a mechanism for addressing failures to cooperate in discovery," United States v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1993), and further contains "specific provisions for a progression of remedies if a court encounters footdragging in the answering of interrogatories [and/or the production of documents,]" id.; see also Rule 37(a)(2)(A), Fed. R. Civ. P.

According to the papers submitted, plaintiff initially sought discovery on April 21, 1995. Defendants' answers were thus due, in accordance with the rule, thirty days hence, or May 21, 1995. Plaintiff extended this deadline at defendants' request to June 17, 1995. After this date had come and gone, plaintiff granted defendants until July 28, 1995, before seeking the court's assistance. Defendants indicated that settlement negotiations would take place by August 28, 1995, at the latest, and thus ruling on the August 2, 1995, motion to compel was unnecessary.

As of the date of this order, it appears to the court that plaintiff's April 21, 1995, discovery request is still unsatisfied. Accordingly, the court concludes that an order to compel defendants' response to plaintiff's discovery requests is both appropriate and warranted. The court further finds and rules that defendants shall have ten days from the date of this

3

order in which to show the court, by written brief, that circumstances surrounding their failure to timely respond to plaintiff's discovery requests make an otherwise mandatory award of expenses unjust.  <u>See</u> Rule 37(a)(4)(A), Fed. R. Civ. P.[2] <u>Accord</u> 10A FEDERAL PROCEDURE, L. Ed. § 26:629 (1994); 4A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 37.02 [10.-1] (1995).


## Conclusion

For the reasons set forth herein, plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents and Things (document 16) is granted.  Defendants shall provide the requested discovery without further delay.  In addition, defendants shall have ten days from the date of this order to

---

[2]The issuance of costs upon granting a motion to compel is expressed in the rule in mandatory terms.

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Rule 37(a)(4)(A), Fed. R. Civ. P.

file a written brief on the issue of the propriety of awarding expenses.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 12, 1995

cc:  Eaton W. Tarbell, Jr., Esq.
     Michael R. Callahan, Esq.

5